**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 29 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GREGORY L. BROWN,<br><br>      Plaintiff - Appellant,<br><br>   v.<br><br>CITY AND COUNTY OF SAN FRANCISCO; BROOKE JENKINS, District Attorney, City and County of San Francisco; ROB BONTA, Attorney General for the State of California; FLOYD ANDREWS; ALLISON MACBETH; ALEX BERSTEIN; GREGORY OTT, Assistant Attorney General; LISA OTT; CLAUDIA PHILLIPS,<br><br>      Defendants - Appellees. | No. 26-563<br><br>D.C. No. 3:25-cv-06667-WHO<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Submitted June 22, 2026**

Before:      CANBY, BENNETT, and BADE, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

California state prisoner Gregory L. Brown appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various constitutional claims in connection with his arrest, conviction, and sentencing in state court. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm.

The district court properly dismissed Brown's action as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because success on Brown's claims would necessarily imply the invalidity of his conviction or sentence, and Brown has not demonstrated that his conviction or sentence has been invalidated. *See Heck*, 512 U.S. at 486-87 (holding that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated").

Contrary to Brown's contention, the district court was required to screen Brown's complaint despite his payment of the filing fee. *See* 28 U.S.C. § 1915A (requiring screening of complaints in civil actions "in which a prisoner seeks redress from a governmental entity" or an officer or employee thereof).

**AFFIRMED.**

2                                                    26-563